# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DEVON MEDVETZ**,<br>  6010 Porter Road<br>  North Olmsted, OH 44070,<br><br>                    Plaintiff,<br><br>      -vs-<br><br><br>**CUYAHOGA COUNTY SHERIFF'S<br>  DEPARTMENT**,<br>  1215 West 3rd Street, 2nd Floor<br>  Cleveland, OH 44113<br><br>      and<br><br>**BENJAMIN MILTON**<br>  1215 West 3rd Street, 2nd Floor<br>  Cleveland, OH 44113<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)  **C O M P L A I N T**<br>)<br>)  Trial by Jury Endorsed Hereon<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NATURE OF THE ACTION

1. This is an action instituted under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States enforced through the Civil Rights Act of 1871, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*, as amended (2010 Supp.) and the Ohio Civil Rights Act, Ohio

1

Revised Code §§ 4112.01, *et seq*., (2010 Supp.) to vindicate state and federally protected rights against unlawful governmental employment practices on the basis of gender under color of state law.

## JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to Section 706(f) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-6(f) (2019 Supp.) (hereinafter referred to as "Title VII"), 28 U.S.C. §§ 1334(3) and (4) with respect to claims under the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and supplemental jurisdiction over asserted state law claims pursuant to 28 U.S.C. § 1367.

3. With respect to gender claims under Title VII, jurisdiction arises pursuant to receipt of a Notice of Right to Sue issued on September 13, 2019. The notice accompanies this complaint and is incorporated by reference as Exhibit A.

4. Venue in this Court is proper because the unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

5. Plaintiff DEVON MEDVETZ ("Medvetz") was an employee of the Cuyahoga County Sheriff's Department who was forced to leave her position due to outrageous behavior based on gender and sexual harassment she endured while at work

and because of the retaliation she endured after reporting the harassment to her employer.

6. Defendant CUYAHOGA COUNTY SHERIFF'S DEPARTMENT (hereinafter, "Cuyahoga County") is an employer as defined by Title VII and by the Ohio Civil Rights Act and at all relevant times was the employer of the plaintiff.

7. Defendant BENJAMIN MILTON ( hereinafter "Milton") is a current employee of the Cuyahoga County Sheriff's office who sexually harassed plaintiff and other women employed by the Cuyahoga County Sheriff's Department, all of whom were subjected to outrageous and obscene behavior on account of gender..

## STATEMENT OF THE FACTS

8. Plaintiff Devon Medvetz reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

9. In April 2003, Plaintiff Devon Medvetz commenced her employment with Defendant Cuyahoga County Sheriff's Department.

10. Plaintiff Devon Medvetz most recently served as a Transport Clerk, working on the third floor where she would arrange for prisoner transports throughout the county.

11. Beginning in 2012, Ms. Medvetz's co-worker, Defendant Benjamin Milton, started making shockingly inappropriate comments to her.

12. Defendant Milton told Ms. Medvetz that it was hot when she would wear high heels to work.

13. Defendant Milton told Ms. Medvetz how much he enjoyed watching her run up the stairs to get inside the building.

14. Defendant Milton commented to Ms. Medvetz that she had "great tits."

15. Defendant Milton would routinely comment about Ms. Medvetz's nipples.

16. Defendant Milton told Ms. Medvetz that he wanted to "suck her tits."

17. Defendant Milton requested that Ms. Medvetz send him photos of herself.

18. Defendant Milton knew that Medvetz was a married woman and knew she was offended by his unceasing obscene and inappropriate remarks based on gender.

19. Ms. Medvetz understood as a clerk she possessed very little power to stop Defendant Milton from his offensive and work-altering behavior.

20. Defendant Milton's disgusting behavior was observed by co-workers of Ms. Medvetz.

21. In August 2016, after years of enduring Defendant Milton's sexual harassment and grossly obscene behavior, Ms. Medvetz sought assistance from management, seeking help from a supervisor in avoiding the hostile work environment created and continuing by Defendant Milton's behavior.

22. Ms. Medvetz asked one of her supervisors if he would be willing to help her find another office area to work.

23. Ms. Medvetz told her supervisor she was having trouble concentrating because of the barrage of obscene and repulsive actions occurring in the workplace, demonstrably affecting her ability to work.

24. Ms. Medvetz's supervisor told her he would look into the issue, but never did anything about it.

25. On or around September 12, 2016, Ms. Medvetz was told she was getting a new trainee and needed to prepare an office space for the individual.

26. On September 16, 2016, Defendant Milton approached Ms. Medvetz and asked her why she was cleaning.

27. After Ms. Medvetz explained that she was preparing the space for the trainee, Defendant Milton told Ms. Medvetz that now he would be unable to just walk up to her and tell her how good her tits look.

28. While making this comment, Defendant Milton stared at Ms. Medvetz's chest.

29. Defendant Milton told Ms. Medvetz he would have to come up with codewords so he could still talk about her body.

30. Defendant Milton followed up numerous times throughout the day, asking Ms. Medvetz to come to his office to create code words for her body parts.

31. Ms. Medvetz's supervisor had still taken no action against Defendant Milton.

32. During the week of September 19, 2016, Ms. Medvetz passed Defendant Milton in the hallway.

33. Ms. Medvetz had not been feeling well that week and during the exchange, Milton asked her if she was still under the weather to which Medvetz replied yes.

34. Defendant Milton told Ms. Medvetz "you know what is good for that? A shot of vitamin B, in all three holes."

35. Horrified, Ms. Medvetz walked away.

36. On September 27, 2016, Medvetz contacted her union steward and inquired about how to file a sexual harassment complaint.

37. Together they went to the human resources department and filed a complaint against Defendant Milton.

38. Instead of removing the wrongdoer, Defendant Milton, Defendant Cuyahoga County Sheriff's Department removed Ms. Medvetz, as if she had done something wrong, and placed her on the first floor.

39. On or around October 19, 2016, Ms. Medvetz was once again approached by Defendant who asked her how the first floor was.

40. After Ms. Medvetz replied that it was going ok, Defendant Milton told her that he missed his "big push pins," referring to Medvetz's breasts.

41. Defendant Milton then told Ms. Medvetz that he was going to visit her office soon.

42. Later in the same day, Ms. Medvetz went to talk to numerous sheriff's deputies as part of her daily job function.

43. The deputies informed Medvetz they did not want her in their offices as it made things "more difficult" for them.

44. The statements were made because she had complained about Defendant Milton's actions.

45. Prior to leaving that day, Ms. Medvetz reported both incidents to her supervisor who, again, took no action related to either problem.

46. On October 21, 2016, Ms. Medvetz again went to meet with the human resource officials and specifically identified what had happened by lodging a complaint about the October 19, 2016 incident with Defendant Milton.

47. On October 25, 2016, Medvetz was once again asked to move offices as the deputies on her floor were uncomfortable with her presence.

48. The deputies were uncomfortable with her presence because she had reported sexual harassment.

49. Ms. Medvetz was moved to the sex offenders unit on the first floor because men in the sheriff's department were uncomfortable working with a woman who reported sexual harassment.

50. Ms. Medvetz was not given a working phone and was forced to share an office.

51. Defendant Milton was not moved and was not forced to share an office.

52. On October 28, 2016, a Cuyahoga County Sheriff's Department human resources official shockingly informed Ms. Medvetz that "this place is a rumor mill and if you have said anything to anyone that is how things get started."

53. Medvetz felt as if she was being intimidated by human resources to drop her complaint or stop reporting sexual harassment.

54. On October 31, 2016, instead of responding to the outrageous continuing behavior of Defendant Milton, Defendant Cuyahoga County Sheriff's Department told Ms. Medvetz to pack her things because they were moving her for a third time.

55. Later in the day, she was told that things changed and she was no longer being moved from the sex offenders unit on the first floor.

56. On November 2, 2016, the human resources department met with Defendant Milton who, not denying his misconduct, blamed everything on the "culture" of the third floor.

57. Defendant Milton told his employer that everyone talks "nasty" up there and gets away with it.

58. On November 8, 2016, Ms. Medvetz filed a charge with the U.S. Equal Employment Opportunity Commission asserting the pattern of outrageous and obscene behavior to which she continued to be subjected and the failure and refusal of her employer, the Cuyahoga County Sheriff's Department, to do something about it.

59. On November 14, 2016, Ms. Medvetz was told that the Defendant Cuyahoga County Sheriff's Department had concluded its investigation but was not given the results.

60. Ms. Medvetz was then told that she was permitted to move back to the third floor and that Defendant Milton would be disciplined.

61. Ms. Medvetz returned to the third floor but was still required to routinely see Defendant Milton since whatever findings and conclusion Defendant Cuyahoga County Sheriff's Department entered did not include his removal.

62. On January 31, 2017, another co-worker of Defendant Milton and Ms. Medvetz came forward and informed Plaintiff that she was subjected to Milton's harassment as well in 2016 and reported it to the Cuyahoga County Sheriff's Department.

63. Medvetz's co-worker stated that while she was pregnant, Defendant Milton made comments to her such as "Wow, your tits are getting really big. Your husband must be proud."

64. It was obvious to Ms. Medvetz that Defendant was permitted to continue his outrageous and disgusting behavior toward female employees without consequence and that Defendant Cuyahoga County Sheriff's Department took no prompt nor meaningful action to end the pattern of overt sexual harassment in the workplace.

65. Defendant Milton also told the co-worker "I can tell that you're not wearing any panties with your leggings today and that's so hot."

66. On March 30, 2017, Medvetz received a letter from the Cuyahoga County Sheriff's Department informing her that the claims of sexual harassment she had made were substantiated and that Milton had not been fired, but merely suspended over the incident(s).

67. Following the letter by Defendant Cuyahoga County Sheriff's Department, Medvetz was still subjected to being around Defendant Milton.

68. Milton returned to his suspension and remained in close proximity to Medvetz.

69. Following the letter, Ms. Medvetz was retaliated against as she was ostracized for exercising her right to complaint about sexual harassment and related outrageous sexual misconduct.

70. Defendant Cuyahoga County Sheriff's Department did nothing promptly nor in a meaningful way to protect her against discrimination or retaliation in the workplace.

71. In February 2017, with conditions not changing and retaliation occurring in the workplace, Ms. Medvetz was forced to resign due to the unbearable circumstances arising out of her complaints and reports.

72. As a result of the conduct of the Defendants, Medvetz was forced to take a job which paid her less than she had been making.

73. At a subsequent Fact-Finding Conference with parties represented by counsel, Ms. Medvetz provided details to federal investigators.

74. Ms. Medvetz testified that she had been exposed to obscene and disgusting behavior in excess of "fifty times."

75. Defendant Cuyahoga County Sheriff's Department offered no rebuttal in front of Ms. Medvetz to the federal investigators.

76. As a result of the acts and conduct of Defendants, Plaintiff suffered in the loss of her longstanding employment, opportunity for growth in her employment, her salary, benefits, retirement and related matters.

77. As a result of the acts and conduct of Defendants, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

78. The acts and conduct of the Defendants were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff Devon Medvetz.

## Count I – Violation of the Equal Protection Clause

79. Plaintiff Devon Medvetz reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

80. All actions taken against Plaintiff Devon Medvetz were done so under color of state law by government officials in their governmental positions.

81. Defendants Cuyahoga County Sheriff's Department and Benjamin Milton engaged in acts and practices which constitute governmental discrimination and governmental retaliation.

82. Executive officials of Defendant Cuyahoga County Sheriff's Office were aware of the governmental discrimination, harassment and retaliation.

83. Plaintiff Devon Medvetz was sexually harassed and retaliated against for reporting the harassment.

84. Plaintiff Devon Medvetz was treated as if she had done something wrong by reporting and was forced to move offices time and time again because men were uncomfortable working with a woman who has reported sexual harassment.

85. Plaintiff Devon Medvetz was forced to leave her job due to the pervasive harassment and retaliation she faced.

86. As a result of the acts and conduct of the Defendants, Plaintiff suffered in the loss of her longstanding employment, opportunity for growth in her employment, her salary, benefits, retirement and related matters.

87. As a result of the acts and conduct of the Defendants, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

88. The acts and conduct of the Defendants were intentional, reckless and in wanton and reckless disregard of the rights and feelings of Plaintiff Devon Medvetz.

## Count II – Gender Discrimination

89. Plaintiff Devon Medvetz reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

90. Plaintiff Devon Medvetz is a member of a protected class as a woman.

91. Plaintiff Devon Medvetz was sexually harassed and retaliated against for reporting the harassment.

92. Plaintiff Devon Medvetz was treated as if she had done something wrong by reporting and was forced to move offices because men were uncomfortable working with a woman who has reported sexual harassment.

93. Plaintiff Devon Medvetz was forced to leave her job due to the pervasive harassment and retaliation she faced.

94. The acts and conduct of the Defendants were intentional, malicious and in wanton and reckless disregard of her rights and feelings.

95. As a result of the acts and conduct of the Defendants, Plaintiff suffered in the loss of her longstanding employment, opportunity for growth in her employment, her salary, benefits, retirement and related matters.

96. As a result of the acts and conduct of the Defendants, Plaintiff has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

## Count III – Retaliation

97. Plaintiff Devon Medvetz reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

98. Plaintiff Devon Medvetz engaged in protected activity by formally reporting sexual harassment to her employer on September 27, 2016.

99. On November 8, 2016, Ms. Medvetz filed an EEOC charge on account of sex and retaliation.

100. Defendants were aware that Ms. Medvetz had in engaged in protected activity.

101. In retaliation for Ms. Medvetz's complaints which were substantiated by the County's investigation, Ms. Medvetz was ostracized and moved on numerous occasions, including to the sex offenders' unit on the first floor of her building.

102. There is a causal connection between Ms. Medvetz's reporting of Defendant Milton, her expressions of dissatisfaction with the way Defendant Cuyahoga County Sheriff's Department had handled her complaints and her being singled out and removed from her office on a variety of occasions.

103. As a result of the acts and conduct of the Defendants, Medvetz has suffered in the loss of her longstanding employment, opportunity for promotion, her salary, benefits, retirement and related matters.

104. As a result of the acts and conduct of the Defendants, Medvetz has suffered serious, genuine and consequential damages including personal injury, pain, suffering, emotional harm, mental distress and loss of quality of life.

105. The acts and conduct of the Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of the plaintiff.

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

    A.    Declare that the acts and conduct of the Defendants, jointly and severally, constitute violations of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Civil Rights Act of 1871, 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-1, *et seq.*, as

  amended (2019 Supp.) and the Ohio Civil Rights Act, Ohio Revised Code §§ 4112.01, *et seq.*(2019 Supp.),

B.  Grant to the Plaintiff and against Defendant Cuyahoga County Sheriff's Office appropriate injunctive relief against Defendant, its officers, agents, employees, successors, assigns, and all persons in active concert of participation with it, from engaging in any employment practices which discriminate or retaliate on the basis of gender including, but not limited to, front pay;

C.  Grant to the Plaintiff and against Defendant Cuyahoga County Sheriff's Office an order to institute and to otherwise carry out policies, practices and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices;

D.  Grant to the Plaintiff and against Defendants, jointly and severally, relief to make the Plaintiff whole by providing appropriate back pay with prejudgment interest and for other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E.  Grant to the Plaintiff against Defendants, jointly and severally, appropriate compensatory relief.

F.  Grant to the Plaintiff against Defendant Milton appropriate punitive damage relief;

G.  Grant to the Plaintiff and against Defendants costs including statutory reasonable attorneys' fees as provided by statute;

H.  Grant such further relief as the Court deems just, equitable and in advance of the public interest.

| *s/Jared S. Klebanow* | *s/Avery Friedman* |
|---|---|
| Jared S. Klebanow   (0092018) | Avery Friedman   (0006103) |
| KLEBANOW LAW, LLC | AVERY FRIEDMAN & ASSOCIATES |
| 701 The City Club Building | 701 The City Club Building |
| 850 Euclid Avenue | 850 Euclid Avenue |
| Cleveland, Ohio 44114 | Cleveland, Ohio  44114 |
| P: (216) 621-8230 | P: (216) 621-9282 |
| jklebanow@klebanowlaw.com | F: (216) 621-9283 |
| | avery@lawfriedman.com |
| | fairhousing@gmail.com |

*Attorneys for Plaintiff Devon Medvetz*

## TRIAL BY JURY DEMANDED

Plaintiff Devon Medvetz hereby demands trial by jury.

*s/ Avery Friedman*
Avery Friedman